# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

SECURITIES AND EXCHANGE
COMMISSION,

                                        Plaintiff,

                    v.                                          C.A. No. __-____ (    )

JIMMY JOE MCGHAN,

                                        Defendant.

## CONSENT OF DEFENDANT JIMMY JOE MCGHAN

1.    Defendant Jimmy Joe McGhan ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment as to Defendant Jimmy Joe McGhan ("Final Judgment") in the form attached hereto and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violating Sections 10(b) and 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Exchange Act Rules 10b-5, 13b2-2(a), and 14a-9; and from aiding and abetting violations of Section 13(a) of the Exchange Act and Exchange Act Rules 12b-20 and 13a-1; and

1

(b)     bars Defendant for three years following the date of entry of the Final

Judgment from serving as an officer or director of a publicly traded company pursuant to

Section 21(d)(2) of the Exchange Act.

3.     Defendant acknowledges that the Court is not imposing a civil penalty based on

Defendant's sworn representations in Defendant's Statement of Financial Condition dated

October 12, 2009, and other documents and information submitted to the Commission.

Defendant further consents that, if at any time following the entry of the Final Judgment, the

Commission obtains information indicating that Defendant's representations to the Commission

concerning Defendant's assets, income, liabilities, or net worth were fraudulent, misleading,

inaccurate, or incomplete in any material respect as of the time such representations were made,

the Commission may, at its sole discretion and without prior notice to Defendant, petition the

Court for an order requiring Defendant to pay the maximum civil penalty allowable under the

law.  In connection with any such petition, the only issue shall be whether the financial

information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any

material respect as of the time such representations were made.  In any such petition, the

Commission may move the Court to consider all available remedies, including, but not limited

to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions

for contempt of the Court's Final Judgment.  The Commission may also request additional

discovery.  Defendant may not, by way of defense to such petition:  (1) challenge the validity of

this Consent of Defendant Jimmy Joe McGhan  ("Consent") or the Final Judgment; (2) contest

the allegations in the complaint; (3) assert that payment of a civil penalty should not be ordered;

(4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert

any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

4.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.     Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.    Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with, a member of a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

4

legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to be interviewed by Commission staff at such times as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated:  _12/3/10_____

_____
Jimmy Joe McGhan

On _December 2_, 2010, _Jimmy Joe McGhan_____, a person known to me, personally appeared before me and executed the foregoing Consent.

_____
Notary Public
Commission expires:

```
+-----------------------------------+
|  (NOTARY PUBLIC    VALERIE L. COCKRILL  |
|   STATE OF TEXAS)  My Commission Expires |
|                    January 4, 2012      |
+-----------------------------------+
```

Approved as to form:

_____
Mark Dzarnoski
Gordon & Silver, LLP
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, Nevada 89169
mdzarnoski@gordonsilver.com
(702) 796-5555
Attorney for Defendant

6

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                   Plaintiff,<br><br>                    v.<br><br>JIMMY JOE MCGHAN,<br><br>                                   Defendant. | C.A. No. __-____ ( ) |

## FINAL JUDGMENT AS TO DEFENDANT JIMMY JOE MCGHAN

The Securities and Exchange Commission, having filed a Complaint, and Defendant

Jimmy Joe McGhan ("Defendant"), having entered a general appearance, consented to the

Court's jurisdiction over Defendant and the subject matter of this action, consented to entry of

this Final Judgment OF Defendant Jimmy Joe McGhan ("Final Judgement") without admitting or

denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and

conclusions of law, and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and

Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

     (a)      to employ any device, scheme, or artifice to defraud;

     (b)      to make any untrue statement of a material fact or to omit to state a material fact

                 necessary in order to make the statements made, in the light of the circumstances

                 under which they were made, not misleading; or

     (c)      to engage in any act, practice, or course of business which operates or would

                 operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 14(a) of the Exchange

Act [15 U.S.C. § 78n(a)] and Exchange Act Rule 14a-9 [17 C.F.R. § 240.14a-9], by using the

mails or means or instrumentality of interstate commerce or any facility of a national securities

exchange or otherwise to make a solicitation by means of any proxy statement, form of proxy,

notice of meeting or other communication, written or oral, containing any statement which, at the

time and in the light of the circumstances under which it is made, is false or misleading with

respect to any material fact, or which omits to state any material fact necessary in order to make

the statements therein not false or misleading or necessary to correct any statement in any earlier

2

communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2(a) [17 C.F.R. § 240.13b2-2(a)], by, as an officer or director of an issuer, directly or indirectly,

    (1)    Making or causing to be made a materially false or misleading statement to an accountant in connection with; or

    (2)    Omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with:

        (i)    Any audit, review or examination of the financial statements of an issuer required to be made pursuant to the federal securities laws; or

        (ii)    The preparation or filing of any document or report required to be filed with the Commission.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

3

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20 and 13a-1 [17 C.F.R. §§ 240.12b-20 and 240.13a-1] and 12b-20 [17 C.F.R. § 240.12b-20] by knowingly providing substantial assistance to an issuer in (i) failing timely to file annual reports, (ii) filing annual reports that are inaccurate, or (iii) filing annual reports that, in addition to the information required to be included in such annual reports, fail to include such material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for three years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

4

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

Based on Defendant's sworn representations in his Statement of Financial Condition

dated October 12, 2009, and other documents and information submitted to the Commission, the

Court is not ordering Defendant to pay a civil penalty.  The determination not to impose a civil

penalty is contingent upon the accuracy and completeness of Defendant's Statement of Financial

Condition.  If at any time following the entry of this Final Judgment the Commission obtains

information indicating that Defendant's representations to the Commission concerning his assets,

income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any

material respect as of the time such representations were made, the Commission may, at its sole

discretion and without prior notice to Defendant, petition the Court for an order requiring

Defendant to pay the maximum civil penalty allowable under the law.  In connection with any

such petition, the only issue shall be whether the financial information provided by Defendant

was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such

representations were made.  In its petition, the Commission may move this Court to consider all

available remedies, including, but not limited to, ordering Defendant to pay funds or assets,

directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment.  The

Commission may also request additional discovery.  Defendant may not, by way of defense to

such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2) contest the

allegations in the Complaint filed by the Commission; (3) contest the imposition of the

5

maximum civil penalty allowable under the law; or (4) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____March 10_____ ____, 2011.

_____
UNITED STATES DISTRICT JUDGE

6